MATILDA WALKER *v.* J. M. LANCASTER'S ASSIGNEE ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—619.]

### Judgment Must Follow the Pleadings.

An action on a note for the payment of money and nothing else will not authorize a judgment to sell the debtor's land, or to create a lien upon it. The judge can only decide what is in issue as shown by the pleadings.

### Liens of Creditors.

The commencement of a suit on a debt does not create a lien on the debtor's real estate; and where such debtor makes a general assignment for his creditors before a judgment is entered against him on such a debt, the creditors, including the judgment creditor, have only such a lien as the assignment creates. The judgment creditor has no priority.

APPEAL FROM NELSON CIRCUIT COURT.

January 16, 1883.

OPINION BY JUDGE PRYOR:

In this case it appears that the proceeding on the part of Mrs. Walker, although on the equity side of the docket, was only for a judgment for the amount of her debt and interest. The papers are lost but the facts are admitted of record to the effect that in the action referred to no effort was made to subject the estate of the debtor, except by an ordinary execution. It seems that the fund for which Lancaster and his sureties were liable was a trust fund, and they were notified to bring the money into court, as we suppose, and a judgment was rendered for the debt and interest and that the judgment constitute a lien on their estates, and an indorsement be made on the execution to that effect. There was nothing before the court authorizing such a judgment, and as between the parties we can not well see how any lien was or could be created unless by consent.

It further appears that the debtors had assigned their property for the benefit of creditors prior to the time at which the judgment was rendered, and certainly such a judgment can not affect either the assignee or the creditors. No execution had issued creating a lien, and the exceptions are made by both the creditors and the assignee. It is also evident that the appellant, who had been re-

ceiving her pro rata dividend for some time prior to the period in which she asserted this lien, was not relying on the judgment as, giving her a preference over other creditors. An action on a note for the payment of money and nothing else will not authorize a judgment to sell the debtor's land, or to create a lien upon it. The court has no jurisdiction over the subject-matter. The notice to bring the trust fund into court did not create a lien, and if it had created an equity a prior equity had already been created for the creditors generally by reason of the assignment.

The judgment below is *affirmed.*

*Muir & Wickliffe, for appellant.*

*Atkinson & Kelly, for appellees.*